UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL MARTINEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF HUMAN RESOURCES/EEOC,<br><br>　　　　Defendant. | Case No. 1:17-cv-01577-DAD-EPG<br><br>**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*** <br><br>(ECF No. 3) |

Plaintiff Gabriel Martinez is proceeding *pro se* in this action. (ECF No. 1.) On November 27, 2017, Plaintiff submitted an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2.)

A civil action may proceed despite a failure to prepay the entire filing fee only if the party initiating the action is granted leave to proceed *in forma pauperis*. *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). The decision whether to grant leave to proceed *in forma pauperis* is in the sound discretion of the Court. *See Calif. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"), *rev'd on other grounds*, 506 U.S. 194 (1993). "[T]here is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015).

In applying to proceed *in forma pauperis*, a party must submit an affidavit that "state[s] the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960) ("The right to proceed in forma paupers is not an unqualified one. It is a privilege, rather than a right"). The party "need not be absolutely destitute to obtain benefits of the *in forma pauperis* statute." *Id.* at 725. Nevertheless, the affidavit must show that the party "cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Escobedo*, 787 F.3d at 1235 (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

Here, Plaintiff has failed to state the facts of his poverty with particularity, definiteness and certainty. Plaintiff states that he received money in the past 12 months, but fails to describe the sources of money or state the amount received. Plaintiff also states that he does have things of value, but does not know the value of it at this time. These statements fail to reach the level of particularity necessary for the Court to determine Plaintiff's indigency.

Accordingly, **IT IS HEREBY ORDERED** that:

Plaintiff must either pay the filing fee or file an amended *in forma pauperis* application within fourteen (14) days of the date of this Order. If Plaintiff files an amended application, he must detail his assets and liabilities with particularity, definiteness and certainty to allow the Court to determine whether he is unable to pay the filing fee.

**No requests for extension will be granted without a showing of good cause. Failure to timely comply with this order will result in a recommendation that this action be dismissed.**

IT IS SO ORDERED.

Dated: **November 30, 2017**            /s/ *Erin P. Grosj*
                                        UNITED STATES MAGISTRATE JUDGE