| | |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | EASTERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| GABRIEL MARTINEZ,<br><br>Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF HUMAN RESOURCES,<br><br>Defendant. | Case No. 1:17-cv-01577-DAD-EPG<br><br>ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>(ECF No. 1)<br><br>RESPONSE, IF ANY, TO BE FILED IN WRITING WITHIN 14 DAYS |

Plaintiff Gabriel Martinez, appearing *pro se*, filed a Complaint on November 27, 2017. (ECF No. 1). From the Court's initial review of the Complaint, it appears that the Court lacks subject matter jurisdiction to consider the claims.

Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases which the United States Constitution and Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994). To proceed in federal court, a plaintiff's pleading must establish the existence of subject matter jurisdiction. Generally, there are two potential bases for federal subject matter jurisdiction: (1) federal question jurisdiction, or (2) diversity jurisdiction.

"[A] case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002), *quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983). The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*.

Here, the Complaint does not appear to contain any allegation of a violation arising under the Constitution, federal law, or treaties of the United States. Plaintiff's claims are state

claims and do not invoke federal subject matter jurisdiction. *Kaohi v. Kaiser Found. Health Plan, Inc.*, Case No. 15-00266 SOM/RLP, 2015 WL 6472231, at *5 (D. Haw. Oct. 27, 2015) (remanding medical malpractice claims to state court).

Alternatively, under 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." 28 U.S.C. § 1332. "Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir.2001) (per curiam), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77, 130 S.Ct. 1181 (2010), *citing* 28 U.S.C. § 1332(a). "A plaintiff suing in federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court . . . on discovering the [defect], must dismiss the case, unless the defect be corrected by amendment." *Id.*, *quoting Smith v. McCullough*, 270 U.S. 456 (1926).

Plaintiff do not make any allegation that diversity jurisdiction exists. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-858 (9th Cir. 2001) ("the party asserting diversity jurisdiction bears the burden of proof.").

Accordingly, it appears that the Court would lack subject matter jurisdiction over the claims in the Complaint. It appears that the claims are more properly suited for filing in the state court system (courts of general jurisdiction). Thus, Plaintiff may elect to file a notice of dismissal of this action instead of filing a response to this Order.

Therefore, Plaintiff is ORDERED to SHOW CAUSE why this case should not be dismissed for lack of subject matter jurisdiction. Plaintiff shall file a written response within 14 days of this Order. Failure to file a response will be considered an admission that the jurisdictional defects cannot be cured by amendment to the Complaint.

IT IS SO ORDERED.

Dated: **December 26, 2017**   /s/ Erin P. Gross
UNITED STATES MAGISTRATE JUDGE